UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GARVIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MULE CREEK STATE PRISON MEDICAL DEPARTMENT,<br><br>　　　　　Defendant. | No. 2:19-cv-2024 AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　I.　　Application to Proceed In Forma Pauperis

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 4.  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

4      II.       <u>Statutory Screening of Prisoner Complaints</u>

5        The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
8  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
9  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
11 <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
12 Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
13 theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639,
14 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>
15 <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
16 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
17 <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

18       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
19 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
20 what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550
21 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
22 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
23 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>,
24 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
25 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
26 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
27 speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
28 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that various John Doe medical and pharmacy staff at Mule Creek State Prison violated plaintiff's rights under the Eighth Amendment when they denied him his anti-viral medications. ECF No. 1. Specifically, plaintiff alleges that on February 27, 2018,[1] he requested a renewal of his anti-viral medications but was told by pharmacy staff that there was not an order on file. Id. at 3-4. Plaintiff eventually got his medications on March 5, 2018, but as a result of medical staff's failure to treat him in a timely manner, he suffered vomiting, pain, diarrhea, loss of appetite, and fatigue. Id. at 4.

### IV. Failure to State a Claim

The complaint fails to identify the actions of any individual, and instead refers to medical and pharmacy staff generally. However, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980), and plaintiff's allegations against staff generally fail to show the necessary

---

[1] The complaint actually states February 27, 2019. ECF No. 1 at 4. However, based on the date he states he received his medications and the attached appeal response, this appears to be a typographical error. Id. at 4, 8.

personal involvement by any individual defendant.  The allegations also fail to demonstrate deliberate indifference, which requires that the defendant "knows of and disregards an excessive risk to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation marks omitted).  There is no indication that any defendant knew that plaintiff's health was at risk and deliberately ignored that risk.  At most, he has alleged negligence in ordering his prescription to be refilled, which is not sufficient to state a claim for deliberate indifference.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (negligence in treating medical condition does not state a claim under the Eighth Amendment).

To the extent is appears that plaintiff may be attempting to name the Mule Creek State Prison Medical Department as a defendant, the claim is barred by sovereign immunity because the prison is an arm of the state.  See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989))).

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Additionally, plaintiff has named only Doe defendants, which is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), though amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).  If plaintiff chooses to amend the complaint and successfully states a claim for relief, if the defendants remain unidentified the court will be unable to order service due to the impossibility of serving an unknown individual.  Plaintiff should therefore seek to identify the defendants as soon as possible.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief.  You must include facts that show what each individual defendant did or did not do that you believe violated your rights.  For a deliberate indifference claim you must show that you had a serious medical need and the defendant ignored your need.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

////

1 | Director of the California Department of Corrections and Rehabilitation filed concurrently
2 | herewith.
3 |     3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28
4 | U.S.C. § 1915A, and will not be served.
5 |     4. Within thirty days from the date of service of this order, plaintiff may file an amended
6 | complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
7 | Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket
8 | number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an
9 | original and two copies of the amended complaint.  Failure to file an amended complaint in
10 | accordance with this order will result in a recommendation that this action be dismissed.
11 |     5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint
12 | form used in this district.
13 | DATED: April 9, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE